**Earl Lawrence SANDERS, Respondent,**

v.

**STATE of Minnesota, Petitioner.**

No. C0-01-725.

Supreme Court of Minnesota.

July 3, 2002.

Opinion on Rehearing July 16, 2002.

## ORDER

On December 19, 2001, this court granted the State of Minnesota's petition for review of the decision of the court of appeals remanding the case to the district court for that court to provide written reasons for an upward departure from the Minnesota Sentencing Guidelines. As part of his plea agreement, respondent had agreed to a departure from the sentencing guidelines. Further consideration in this court was stayed pending final disposition in *State v. Misquadace,* 644 N.W.2d 65 (Minn.2002). In *Misquadace,* this court held that all departures from the sentencing guidelines must be supported by substantial and compelling circumstances, and that a plea agreement standing alone is not a sufficient basis to depart from the sentencing guidelines. *Id.* at 72. Thus, the court of appeals' disposition in this case is consistent with this court's ruling in *Misquadace* and further review of the departure based only on the plea agreement is not necessary.

At the court of appeals respondent raised a second argument—whether he was entitled to the presumptive sentence because he understood at the time he entered his plea that he would be allowed to participate in a Department of Corrections boot camp program to reduce his sentence. The court of appeals declined to address this argument because the court remanded on the basis of his first argument, however the court held that respondent was not automatically entitled to a reduction of his sentence to the presumptive sentence. In response to the state's petition for review in this court, respondent reserved the argument that he did not knowingly and intelligently waive his right to be sentenced to the presumptive sentence, "an issue that was raised but not reached by the court of appeals." (PFR Response). *See* Minn. R.Crim. P. 29.04, subd. 6.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the stay of this appeal is vacated.

IT IS FURTHER ORDERED that the order granting the state's petition for review of the issue whether a plea agreement is sufficient to support a departure from the sentencing guidelines is vacated and the petition for review of that issue is denied. *See State v. Misquadace,* 644 N.W.2d 65 (Minn.2002).

IT IS FURTHER ORDERED that this matter is remanded to the court of appeals for consideration of whether the postconviction court erred in concluding that respondent's plea was knowing, voluntary and intelligent in light of his alleged understanding regarding his participation in the Department of Corrections ·boot camp program.

BY THE COURT

Kathleen A. Blatz

Kathleen A. Blatz
Chief Justice

### ORDER

On June 26, 2002, after issuing a decision in *State v. Misquadace*, 644 N.W.2d 65 (Minn.2002), this court vacated a December 19, 2001 order in this case that granted review of the state's petition for review but stayed further proceedings pending *Misquadace*. In the June 26, 2002, order, this court denied review of the *Misquadace* issue but remanded the case to the court of appeals for consideration of an issue respondent Sanders raised there and expressly reserved in his response to the state's petition for review, whether the plea agreement was unenforceable because it was allegedly not intelligently made. This court remanded for the court of appeals to consider whether the postconviction court erred in concluding that respondent's plea was knowing, voluntary and intelligent in light of his alleged understanding regarding his participation in a Department of Corrections boot camp program.

Respondent subsequently filed a petition for rehearing, requesting the court to reconsider that portion of the June 26 order remanding the case to the court of appeals. Respondent asserts that his argument on whether his plea was intelligently made was preserved only as an alternative basis to affirm the court of appeals and further

asserts that he does not want the court of appeals to consider his argument that the plea agreement was unenforceable.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the portion of the June 26, 2002 order remanding this case to the court of appeals for consideration of whether the postconviction court erred in concluding that respondent's plea was knowing, voluntary and intelligent is vacated. In all other respects the June 26, 2002 order remains in effect.

BY THE COURT

Kathleen A. Blatz

Kathleen A. Blatz
Chief Justice